**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

```
UNITED STATES OF AMERICA     . CRIMINAL NO.  12-82-M-LDA
                             .
       V.                    . PROVIDENCE, RHODE ISLAND
                             . NOVEMBER 16, 2012
BILLIE R. SCHOFIELD          .
     Defendant               .
. . . . . . . . . . . . . . . .
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the government:   UNITED STATES ATTORNEY'S OFFICE
                      BY: Sandra Hebert, Esq.
                      50 Kennedy Plaza, 8th Floor
                      Providence, RI  02903
                      401-709-5000
                      sandra.hebert@usdoj.gov

For the defendant:    Billie R. Schofield, pro se
                      4 Fish Road
                      New Bedford, MA  02740

Court Reporter:

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

1   (Court called into session at 3:04:01 p.m.)

2           THE COURT:  You may be seated.  Good afternoon.

3           MS. HEBERT:  Good afternoon, Your Honor.

4           THE COURT:  We are on the record in the matter

5   of the United States of America v. Billie Schofield, Case

6   No. CR-12-82M.

7           Can the attorney in the courtroom for the

8   government identify herself for the record, please?

9           MS. HEBERT:  Sandra Hebert for the United

10  States.

11          THE COURT:  And Mr. Schofield, if you could

12  identify yourself for the record as well.

13          THE DEFENDANT:  Yes, free man Billie Russell of

14  the family Schofield present.

15          THE COURT:  All right.  Just so you're aware,

16  Mr. Schofield, we are in the courtroom and I'm recording

17  this proceeding to create a record.  I also want to remind

18  you again of your right to remain silent and also to

19  remind you that if you do make any statements on the

20  record those statements may be used against you in the

21  future.

22          Do you understand that, sir?

23          THE DEFENDANT:  For the record, yes, I do.

24          THE COURT:  All right.  The reason I scheduled

25  this telephone hearing is because Mr. Schofield had

1  reached out to the Court's clerk indicating he wished to
2  request a continuance of Monday's hearing.  Because of the
3  late time in the day and the circumstances I decided to
4  put this telephone hearing together to allow the defendant
5  to make his request on the record.  I do want to advise
6  him that it is not proper procedure for him to file
7  motions or attempt to file motions by email with the
8  Court.  The Court does not accept filings by email, and I
9  ask that you refrain in the future, Mr. Schofield, from
10 trying to file or make any court requests or motions by
11 email through my clerk.
12         Do you understand that, sir?
13         THE DEFENDANT:  For the record, yes, I do.
14         THE COURT:  All right.  Since I am not going to
15 treat your communication to her as a motion, I will allow
16 you if you wish to make an oral motion to make it now for
17 the record, Mr. Schofield.
18         Do you have a request to make of the Court, sir?
19         THE DEFENDANT:  Yes, I do.  One moment, please.
20 For the record I, Billie Russell of the family Schofield,
21 do hereby demand that a postponement of the November 19,
22 2012 hearing be made for the following reasons.  Let the
23 record show, let the record show that on November 15 of
24 2012 while sitting in my personal vehicle on Exchange
25 Terrace in Providence, Rhode Island, a Providence

1  plantation, that I was attacked by unknown alleged United
2  States marshals and forcibly removed from my vehicle.  Let
3  the record, let the record show that I, free man Billie
4  Russell of the family Schofield, have suffered the
5  following injuries as a result of this attack.  One,
6  facial contusion to above my left eye.  Two, a chest
7  contusion.  Three, a chest wall contusion and four, two
8  fractured ribs.
9            Let the record show, let the record show that
10 the unknown United States marshals used excessive force
11 while removing free man Billie Russell in the family
12 Schofield from his car, throwing me to the concrete
13 pavement and repeatedly punching me and kicking me with
14 brutal force causing multiple underserved injuries.  Let
15 the record show that free man Billie Russell of the family
16 Schofield offered no resistance to the attack and exited
17 the vehicle at gunpoint when instructed to do so.  Let the
18 record show that Billie Russell of the family Schofield
19 was in constant pain during detention and upon reading a
20 notice on the cellblock wall that says to notify personnel
21 if any medical attention is needed was unable to do so
22 after being left alone for almost three and a half hours
23 without anyone returning to the cellblock.  Let the record
24 show that there was also evidence of blood in my urine
25 from the hospital indicating possible trauma to my kidneys

1  as well.  Let the record show that free man Billie

2  Russell of the family Schofield after arriving home that

3  afternoon was experiencing shortness of breath, severe

4  pain in his lower rear back area and had to drive himself

5  to Newport Hospital Emergency Room experiencing severe

6  pain during the drive.

7           Let the record show that the hospital staff

8  examined, x-rayed and diagnosed free man Billie Russell of

9  the family Schofield due to his injuries and discharged

10 him with cautious instruction with care that suggest no

11 activity that could result in another head injury until

12 all symptoms are gone and have been cleared by a doctor.

13 It was also cautioned that another head injury before

14 fully recovering could lead to a serious brain injury.

15 Let the record show that the discharge instructions

16 recommended a follow-up with a doctor in one week or as

17 directed.  Let the record show that during the emergency

18 room exam a slight amount of blood was found in his urine

19 suggesting that damage may have possibly occurred to one

20 of the kidneys.  Let the record show that the extreme

21 force exercised on free man Billie Russell of the family

22 Schofield has caused extreme pain, tenderness and swelling

23 to the area of his torso that the unknown marshals

24 inflicted upon him with force.  Let the record show that

25 several rib fractures have caused Billie Russell of the

6

1  family Schofield constant pain and labored breathing just
2  from slight walking and sitting for any extended period of
3  time.
4      Let the record show that free man Billie Russell
5  of the family Schofield contacted the probation department
6  in order to travel to the nearby drugstore to obtain a
7  prescribed medication that was given to him by the Newport
8  Hospital Emergency Room physician.  Free man Billie
9  Russell of the family Schofield was unable to drive to the
10 designated location in Newport, Rhode Island due to the
11 extreme pain of driving and had to stop at a closer CVS
12 Drugstore in Portsmouth and immediately return home.
13      Let the record show that free man Billie Russell
14 of the family Schofield is placing all parties responsible
15 for this incident on notice with the excessive brutal
16 force that was made upon free man Billie Russell of the
17 family Schofield and will seek restitution by a legal
18 means for the wrongful actions caused upon him.  Let the
19 record show that free man Billie Russell of the family
20 Schofield hereby demands due to extreme medical conditions
21 inflicted upon him that the scheduled hearing for November
22 19, 2012 be postponed until free man Billie Russell of the
23 family Schofield health conditions improve to a point that
24 he is able to travel and prepare the necessary paperwork
25 for this hearing.

1        THE COURT: All right. So Mr. Schofield, your
2   request is for a postponement of Monday's bail violation
3   hearing and the grounds for that request is that you do
4   not believe you are physically able to attend a court
5   hearing?
6        THE DEFENDANT: For the record, yes, that's
7   correct.
8        THE COURT: Now you had sent to the clerk
9   certain medical records by email. I am going to direct
10  that those medical records be deleted by her. Do you wish
11  those medical records to be part of the record, the Court
12  record to support your request for a continuance of this
13  hearing on Monday?
14       THE DEFENDANT: For the record yes, I would like
15  to have those records submitted as an attachment or
16  evidence to this hearing, yes.
17       THE COURT: All right. We will then, I will
18  have her print out the documents that were submitted to
19  her and then delete them from her computer, and I will
20  accept them as an exhibit to this hearing. Because they
21  contain personal information about you, I believe there
22  are some personal identifiers in those documents which
23  under our rules would have to be redacted from the record,
24  so I'll review those with the clerk to make sure that
25  appropriate redactions are made before the matter is

1  docketed as part of the record in support of your request
2  for continuance.
3         Do you have any objection to that, Mr.
4  Schofield?
5         THE DEFENDANT:  For the record I have no
6  objections to that.
7         THE COURT:  All right.
8         MS. HEBERT:  Your Honor, may I also ask to have
9  a copy of the email itself, the ex-parte email to the
10 Court?  I have not received a copy of that.
11        THE COURT:  All right.  I'm going to deny that
12 request.  The reason I had the hearing today was to allow
13 Mr. Schofield to make his request directly to the Court
14 rather than an inquiry to the clerk about continuing the
15 hearing.  So he's made his formal motion on the record.
16 The medical record that was submitted Mr. Schofield has
17 asked to be made part of the court record and it will be
18 done so in redacted form as provided by the court's local
19 rules.
20        MS. HEBERT:  Your Honor, if I may be heard on
21 that issue.  I think that the email itself could
22 potentially go to the credibility of a potential witness
23 in the hearing, and I would like to reiterate my request
24 for that.  I think it was improper for him to email the
25 Court on his own and there should be no reason why the

1  other party to the litigation is not--

2              THE COURT:  Right, request denied.

3              So the – in the record, Mr. Schofield, in your

4  argument today you mentioned that you had been x-rayed.

5  The record that you submitted does make reference of rib

6  fracture but has question marks.  So was there an x-ray

7  taken, number one, and number two did it definitively

8  indicate that you had a rib fracture?

9              THE DEFENDANT:  For the record, yes.  There were

10 several x-rays taken.  The doctor upon examining them was

11 able to see at least two fractures.  He was waiting for

12 the radiologist to review the x-rays today and make a

13 final determination.  I have not received any further word

14 from the radiologist and since I'm confined to home, I

15 didn't have a chance to go down to the hospital to inquire

16 as to any other damage.

17             THE COURT:  So to – the record that you've

18 submitted is, it looks like it's based on treatment you

19 received from a PA which my understanding is a physician

20 assistant; is that, a Mr. Jackson, is that who treated you

21 at the emergency room?

22             THE DEFENDANT:  For the record that's the

23 gentleman.  I don't know what the PA indicates.

24             THE COURT:  All right.

25             MS. HEBERT:  Your Honor, may I have a copy for

1  the continuation of the hearing so that I may keep up

2  with what the Court and the defendant are conversing

3  about?

4         THE COURT:  No, because I don't have the, I

5  haven't had the opportunity to redact it.

6         MS. HEBERT:  Your Honor, I have the defendant's

7  personal identifying information as the government.  I

8  mean it's included in all the discovery.  His social

9  security number is not a mystery to me.

10        THE COURT:  All right, I'm denying the request.

11        All right, Mr. Schofield, anything else you wish

12 to assert to the Court in support of your request for a

13 postponement of Monday's hearing?

14        THE DEFENDANT:  No, Your Honor.  Thank you.  No,

15 I don't.

16        THE COURT:  All right.  Ms. Hebert, what's the

17 government's position regarding Mr. Schofield's request?

18        MS. HEBERT:  The government opposes Mr.

19 Schofield's request.  The government thinks that Mr.

20 Schofield is perfectly capable of getting to the

21 courtroom.  He seemed in perfect condition when he was

22 here yesterday.  The government is at a disadvantage as it

23 has not seen the correspondence with the Court or the

24 medical records; nonetheless Mr. Schofield sounds

25 perfectly lucid and cognizant of what's going on here on

1  the telephone and the government would ask that the

2  hearing be scheduled or continue as scheduled.  The

3  government also would actually reiterate its objection to

4  Mr. Schofield remaining released and ask that a warrant be

5  issued for his arrest.

6          THE COURT:  All right.  The request for a

7  warrant at this time is denied.

8          With respect to Mr. Schofield's request for a

9  continuance, I share some of the concerns stated by the

10 government regarding the inconsistency of the claims made

11 today by Mr. Schofield and supported by the record with

12 his appearance in court before me after his arrest and the

13 lack of any statement at that point that he had been

14 injured; however, out of an abundance of caution and based

15 on the representations made by Mr. Schofield today I will

16 grant him a one week continuance of the hearing.  I'll

17 move the bail violation hearing to Monday November 26th at

18 1:00 p.m. in this courtroom.

19         So, Mr. Schofield, you'll be expected to appear

20 here for a hearing on Monday November 26th at one p.m.

21         Do you understand that, sir?

22         THE DEFENDANT:  For the record, yes, I do, Your

23 Honor.

24         THE COURT:  I also want you to be aware that

25 Judge McConnell has issued an order in the case

1  rescheduling the jury empanelment for December 4th to be

2  followed immediately thereafter with the commencement of

3  trial on December 4th to continue until that trial is

4  concluded; do you understand that, Mr. Schofield?

5          THE DEFEDANT:  For the record I do.

6          THE COURT:  All right.

7          MS. HEBERT:  Your Honor, I would ask that the

8  hearing be scheduled earlier in the day as I will have a

9  conflict in the afternoon.

10         THE COURT:  What time is your conflict?

11         MS. HEBERT:  It's at 2:30, Your Honor.

12         THE COURT:  We have another hearing at 2:30 as

13 well, Ms. Noel, is that correct?

14         THE CLERK:  Yes, it is.

15         THE COURT:  All right.  So we'll hold the

16 hearing at one.  Do you have a matter before another

17 judge?

18         MS. HEBERT:  No, Your Honor, it's witness

19 preparation in this case.

20         THE COURT:  All right. All right, so Mr.

21 Schofield, I am granting your continuance.  I expect you

22 here on the 26th at one p.m.  We will mail a notice to your

23 address of record to confirm the date and time of the bail

24 violation hearing.  You remain released on all of your

25 previously imposed conditions of release as well as the

1  condition that I set for you at the time of your

2  release, most recently, that being the imposition of home

3  confinement with electronic monitoring.  Originally I

4  imposed that condition temporarily between your release

5  and the bail violation hearing.  Since you have now

6  requested and been granted a continuance of that hearing I

7  extend the home confinement and electronic, home

8  incarceration and electronic monitoring to the, at least

9  until the November 26th date.  If you need to leave your

10 residence for any reason other than court appearances or

11 medical necessities, communicate those requests to Mr.

12 Dufresne and he will review them.  If they seem

13 appropriate to him he can act on them.  If he feels he

14 needs my guidance he can contact me.

15         All right, anything further today from the

16 government?

17         MS. HEBERT:  Not at this time, Your Honor.  If I

18 have anything further I'll file it in writing.

19         THE COURT:  All right.  Anything further from

20 you today, Mr. Schofield?

21         THE DEFENDANT:  Your Honor, I have one question.

22 On the filing of any documents will that have to be done

23 via mail to the clerk or?

24         THE COURT:  You can either do it by mail or you

25 can have somebody present it to you or you can ask Mr.

14

1  Dufresne for permission to travel to the court for
2  purposes of filing.
3         THE DEFENDANT:  Okay.
4         THE COURT:  And I will direct him if you make a
5  request to travel to the court to file documents in this
6  case, he can approve that as long as it's not subject to
7  abuse.  If it's a legitimate request to come to the court
8  and file something, he can grant you permission to do that
9  during normal court hours.  All right.
10        THE DEFENDANT:  Thank you, Your Honor.
11        THE COURT:  You're welcome, sir.  Let me just
12 look through my notes to make sure there's nothing else I
13 wish to address today before I convene this telephone
14 hearing.
15 PAUSE
16        THE COURT:  I also want to just make clear for
17 the record that the granting of this request for
18 postponement by, made by Mr. Schofield postponing and
19 rescheduling the bail violation hearing to November 26th is
20 made without me making any finding whatsoever regarding
21 the merits of the claims or statements made by Mr.
22 Schofield or any substantive agreement with his statements
23 that he was injured during his arrest or his suffering
24 injuries.  I am granting him the continuance out of an
25 abundance of caution based on his representations to the

15

1  Court only.

2       Court will be in recess.

3  (Court adjourned at 3:23:00 p.m.)

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**

16

1  CERTIFICATION

2     I, Maryann V. Young, court approved transcriber,

3  certify that the foregoing is a correct transcript from

4  the official digital sound recording of the proceedings in

5  the above-entitled matter.

6

7  /s/ Maryann V. Young                June 13, 2014

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25