**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA      . CRIMINAL NO.  12-82-M-LDA
                              .
          V.                  . PROVIDENCE, RHODE ISLAND
                              . NOVEMBER 26, 2012
 BILLIE R. SCHOFIELD          .
      Defendant               .
. . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the government:    UNITED STATES ATTORNEY'S OFFICE
                       BY: Sandra Hebert, Esq.
                       50 Kennedy Plaza, 8th Floor
                       Providence, RI  02903
                       401-709-5000
                       sandra.hebert@usdoj.gov


For the defendant:     Billie R. Schofield, pro se
                       4 Fish Road
                       New Bedford, MA  02740


Court Reporter:


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.


***MARYANN V. YOUNG***
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

2

1   (Court called into session at 1:05:50 p.m.)

2         THE COURT:  You may be seated.  Good afternoon.

3         COUNSEL:  Good afternoon.

4         THE COURT:  The case before the Court today is

5   the matter of the United States of America v. Billie R.

6   Schofield, Case No. CR-12-82M.  The matter's before the

7   Court today for a hearing on two motions filed by the

8   government, one for detention and the other for forfeiture

9   of bond.

10         Can the individuals present identify themselves

11   for the record, please, starting first with the

12   government.

13         MS. HEBERT:  Sandra Hebert for the United

14   States.

15         THE DEFENDANT:  Billie Russell of the family

16   Schofield.

17         THE COURT:  All right.  The matter was before

18   the Court two weeks ago.  It was continued over objection

19   of the government at the request of the defendant to

20   today.  I did receive a filing made today by the defendant

21   entitled affidavit of facts in which he outlined certain

22   legal arguments that he wishes to be addressed today in

23   this proceeding.  I am not going to address those matters

24   in today's proceeding.  They go to the substantive charges

25   brought against this defendant and they are not before the

3

1    Court today.  That matter's been I assume docketed by the

2    clerk's office.  Judge McConnell can address that in due

3    course.  So I'm not going to address that today.

4              I also want to make some statements which in

5    order to try to narrow and focus this proceeding for the

6    benefit of all involved.  Before I do that I want to again

7    remind you, Mr. Schofield, that you do have the right to

8    remain silent.  If you do make any statements those

9    statements may be used against you in the future.

10             Do you understand that, sir?

11             THE DEFENDANT:  (No verbal response.)

12             THE COURT:  All right, the defendant is not

13   responding so I have advised him of that right previously

14   and I believe he understands that right.  I also want to

15   remind you, Mr. Schofield that you do have a right to

16   counsel.  You've chosen to exercise your right against my

17   advice to represent yourself in this matter and also have

18   objected to the Court's efforts to appoint standby

19   counsel.  As I reminded you previously, if you wish to

20   change your mind and reconsider and request court

21   appointed counsel or retain an attorney to represent you

22   in this proceeding, you may do that at any point either

23   with me or with District Judge McConnell.

24             Do you understand that, Mr. Schofield?

25             THE DEFENDANT:  Your Honor, I attempted to

4

1   consult with counsel yesterday between the hours of 11

2   and one, an attorney in Providence by the name of John

3   McDonald, and I called my probation officer on Saturday,

4   left a message requesting to be able to leave my residence

5   to meet with him between those hours.  The probation

6   officer called me at quarter to one saying that he didn't

7   understand the message so my opportunity to meet with the

8   attorney was unavail, I wasn't able to meet with him.  I

9   still would like a opportunity to meet with that counsel

10   or possibly ask for court appointed counsel if possible.

11         THE COURT:  All right.  Well if you wish to

12   request court appointed counsel you would need to file

13   with the Court an updated financial affidavit.  You

14   previously filed a financial affidavit when I initially

15   provided you with court appointed counsel many months ago,

16   when I appointed Mr. Briody to represent you.  The

17   information that you provided at that time is some months

18   old so I would need updated information to determine if

19   you're eligible, financially eligible for court appointed

20   counsel.  So if that's a request you want to make of the

21   Court you can coordinate with pretrial services to meet

22   with them for the purpose of providing a financial

23   affidavit to the Court and it will be reviewed and

24   considered.  You do have the right to retain an attorney

25   at any time.  If you retain an attorney and make

5

1    arrangements with an attorney who's licensed to practice

2    before this court, that attorney can enter the case simply

3    by filing an entry of appearance and that attorney would

4    then become your attorney of record.

5             Do you understand that sir?

6             THE DEFENDANT:  Yes, I do.

7             THE COURT:  If you wish to meet with an attorney

8    that request will of course be approved to meet with an

9    attorney.  I don't know what happened with the

10   communication with Mr. Dufresne.  I believe Mr. Dufresne

11   will continue to supervise Mr. Schofield, all right, well

12   I will advise Mr. Dufresne if you make such a request in

13   the future he's to approve a request if you want to meet

14   with an attorney in the future.

15            Now in terms of today's proceeding I believe, I

16   know the government has indicated to the clerk they have

17   some witnesses to present to the Court.  Frankly, I don't

18   know if that's necessary.  I believe it is undisputed that

19   the defendant did not appear for jury empanelment before

20   Judge McConnell on November 15th, the scheduled date and

21   time.  I think it's also undisputed that based on the

22   record of filings in this case that the defendant was

23   provided with advance notice of that date and time, and

24   also I think it's undisputed that the defendant was taken

25   into custody based on an arrest warrant on Exchange

6

1    Terrace approximately one city block from the courthouse.

2    So I believe that's all undisputed.  The issue of the

3    circumstances of the effectuation of the arrest and

4    anything subsequent to that frankly are not relevant to

5    the issue of whether the failure to appear warrants

6    detention or forfeiture of bond.

7           So before I move forward with this proceeding,

8    I've just stated a couple facts, Mr. Schofield, that I

9    believe are undisputed.  What I would like this hearing to

10   be is for you to have an opportunity to provide any

11   information or evidence to me that you believe I should

12   consider in determining whether you violated your

13   conditions of release; if there are any mitigating

14   circumstances or the reasons why you didn't appear.  But

15   am I correct in stating that it is undisputed that you had

16   notice of the jury empanelment and did not appear in the

17   courtroom as scheduled, you personally; is that correct?

18          THE DEFENDANT:  That is correct, Your Honor.  I

19   do have a statement concerning that date and the

20   surrounding--

21          THE COURT:  Okay.

22          THE DEFENDANT:  --incident.

23          THE COURT:  I will just advise you when make

24   that statement - what I'm interested in is what were the

25   reasons that you were not in the courtroom at 9:30 a.m.

7

1    when Judge McConnell was ready to proceed with the jury

2    empanelment in your case.  I don't want to hear a

3    statement similar to the one you gave me when you first

4    appeared before the Court following your arrest regarding

5    the circumstances of your arrest.  That's not before me

6    today and I'm not going to consider that.  So if that's

7    part of your statement I'd suggest you consider narrowing

8    the statement.

9              THE DEFENDANT:  What statement was that, sir?

10             THE COURT:  The statement you just told me you

11   were going to give to the Court.

12             THE DEFENDANT:  No, it's not a prepared

13   statement.  I just, I just have a few points concerning

14   that--

15             THE COURT:  Okay.

16             THE DEFENDANT:  --day.

17             THE COURT:  Well hold on a second.  You can have

18   a seat, Mr. Schofield--

19             THE DEFENDANT:  Okay.

20             THE COURT:  --and then I'll get to you.

21             THE DEFENDANT:  Okay.

22             THE COURT:  With those observations and the fact

23   that the defendant is not - you're also admitting that you

24   were arrested in a vehicle on Exchange Terrace?

25             THE DEFENDANT:  Yes, I was.

8

1            THE COURT:  Okay.

2            THE DEFENDANT:  My personal vehicle.

3            THE COURT:  Okay.  From the government's

4   perspective what evidence beyond that were you seeking to

5   present today through what witnesses?

6            MS. HEBERT:  Your Honor, the government intended

7   to call two deputy United States marshals that would have

8   established first of all with respect to the defendant's

9   arrest in his vehicle that he refused to obey their

10  commands.  He refused to obey the commands to raise his

11  hands and instead was making motions with his hands

12  towards the steering column in which the keys to the

13  vehicle were located.  He refused to--

14           THE DEFENDANT:  I object.

15           THE COURT:  Hold on.  This is not - I'm asking

16  her to describe it.  I'm not taking it as true and it's

17  not evidence at this point Mr. Schofield.  I just wanted

18  to hear from her what her intentions were so I could give

19  both sides some direction to move this forward.

20           All right, go ahead, Ms. Hebert.

21           MS. HEBERT:  Yes, Your Honor.  He refused to

22  obey two commands to raise his hands.  He then was ordered

23  to get out of the vehicle on two different instances.  He

24  also refused to obey those commands and as a result he was

25  removed from the vehicle.  Inside that vehicle was $10,000

9

1  in cash all in $100 bills and there was a travel bag.

2  They contained clothes and next to that travel bag was a

3  toiletry kit.  The government thinks all of that is

4  relevant to the Court's consideration here today.

5      Furthermore, should the Court be accepting any

6  statements made by the defendant as facts concerning this

7  event, the government believes that the defendant's

8  credibility is at stake and the government's position is

9  that the deputy U.S. marshal's testimony would establish

10 that he has no credibility.  The defendant is asserting

11 that the marshals brutalized him and that they abused him

12 on two separate occasions.  He denied to the deputy U.S.

13 Marshal that he even had any injuries.  He's also despite

14 his statements to the contrary--

15      THE COURT:  Well let me, as I stated to Mr.

16 Schofield this, the motions brought by the government and

17 the matters before the Court today I don't want to try the

18 circumstances of his arrest in this proceeding.

19      MS. HEBERT:  I agree that whether--

20      THE COURT:  Aren't the issues before me what

21 action I should take, if any, regarding his failure to

22 appear in Judge McConnell's courtroom at 9:30 a.m.--

23      MS. HEBERT:  I think that what's--

24      THE COURT:  --and whether that - let me finish.

25      MS. HEBERT:  I apologize.

10

1          THE COURT:  And whether that presents a

2    violation of his condition of release that he appear for

3    court proceedings?

4          MS. HEBERT:  I think that with respect to his

5    violation of the conditions of release it's undisputed

6    that he did violate the conditions of release; however,

7    since the Court is inquiring of the defendant as to any

8    reasons or mitigating circumstances as to his failure to

9    appear, the defendant's credibility is now placed in issue

10   and the government is prepared to impeach his credibility

11   both in terms of his assertions of injury as well as his

12   assertions as to the theft of $5,000 by the deputy U.S.

13   marshals.

14         THE COURT:  All right.  Well frankly I don't

15   want to get into that in this proceeding.  I don't think

16   it's an appropriate, an appropriate issue for this

17   proceeding.  You indicated to me when the defendant

18   appeared before the Court on the 16th and also in objecting

19   to my providing the defendant with a continuance of this

20   hearing to today's date that he presented a risk of

21   flight.  He's here today.  He's on electronic monitoring

22   and pretrial services has advised me the defendant has

23   been compliant.  I know the matter's down for jury

24   selection and trial on December 4th before Judge McConnell.

25         MS. HEBERT:  That's correct, Your Honor.

11

1        THE COURT:  Is that still scheduled?

2        MS. HEBERT:  That is correct.

3        THE COURT:  So frankly I don't want, I believe

4   it's proper for this proceeding to morph into a trial

5   regarding any post-arrest allegations this defendant may

6   be making and I'm not going to allow this proceeding to

7   turn into that.

8        MS. HEBERT:  I understand the Court's concern,

9   Your Honor, but with all due respect the government thinks

10  that if the Court is going to at all rely on any sort of

11  explanation made by the defendant, then the defendant's

12  credibility is at issue and the government should be given

13  an opportunity to impeach his credibility.

14       THE COURT:  Is it still the government's

15  position that I should detain this defendant--

16       MS. HEBERT:  It is the govern--

17       THE COURT:  --pending trial?

18       MS. HEBERT:  It is the government's position

19  that you should detain him, Your Honor.

20       THE COURT:  Based on him being a danger to the

21  community or risk of flight?

22       MS. HEBERT:  Your Honor, the defendant faces a

23  five year mandatory minimum sentence.

24       THE COURT:  Well answer that question, based on

25  him being a danger to the community or a risk of flight?

12

1            MS. HEBERT:  Both.  He has twice been a

2    fugitive.  Twice in this case the U.S. marshals have been

3    called upon to arrest the defendant when this defendant

4    has known that he was in the first instance wanted and in

5    the second instance required to be in court.  You don't

6    have to go to Colorado to be a failure to appear.  You can

7    be a failure to appear by being simply within blocks of

8    the courthouse, but nonetheless, 52 jurors showed up for

9    jury selection on November 15th.  The government showed up

10   for jury selection.  The case agent showed up and the

11   Court was there.  There was one person that wasn't there

12   and it was this defendant and as a result that created

13   great expense to the Court, great inconvenience to the

14   parties and it thwarted justice in this case.  It was

15   obstructing the lawful pursuit of this case and the

16   justice in this case.  And so whether or not this

17   defendant intends to run to Guatemala or to the Dominican

18   Republic isn't really the issue for the Court.  The

19   question is whether or not you can believe that this

20   defendant will appear when he says he will appear.  The

21   government contends he lacks credibility.  The government

22   contends his track record shows that this Court cannot

23   count on him to appear for proceedings, and so the

24   government says that or the government's position I should

25   say is that given that this case involved a drug

13

1   trafficking offense, a five year mandatory minimum term

2   of imprisonment and the fact that this defendant has shown

3   himself as a failure to appear all establishes the fact

4   that the defendant cannot rebut the presumption that he

5   should be detained.

6        THE COURT:  What I have before me is I don't

7   know about the other instance where you're indicating this

8   defendant was a fugitive.

9        MS. HEBERT:  Your Honor, I--

10       THE COURT:  And I don't want to really get into

11  that.  This is a pre, when he was charged by criminal

12  complaint?

13       MS. HEBERT:  Correct, Your Honor.

14       THE COURT:  All right.  That's not before me

15  today.  The issue before me today is he's in the proximity

16  of the courthouse.  He doesn't show up for empanelment as

17  scheduled.  He's arrested, brought before the Court and

18  gives some reasons why he didn't come into the courtroom.

19  So what I'd like to do is hear from the defendant as to

20  what those reasons were then consider them and decide

21  whether, what actions of the Court are warranted by those

22  facts.  I don't want to turn this into a trial on the post

23  arrest issues, and I don't think it's appropriate to make

24  it anything beyond what it is which I think it's now

25  proceeding.

14

1       MS. HEBERT:  I think, Your Honor, that the

2  instances surrounding his initial arrest which if you

3  recall the government objected--

4       THE COURT:  I disagree.  I'm just going to hear

5  his statement and we'll see where it goes.

6       Mr. Schofield you wish to make a statement

7  regarding the circumstances--

8       THE DEFENDANT:  I do.

9       THE COURT:  --of your failure to appear for jury

10 empanelment on the 15th of November?

11      THE DEFENDFANT:  I do, Your Honor.

12      THE COURT:  On the November the 15th I had a

13 witness and a messenger that was not allowed to deliver a

14 message to the Court before Judge McConnell.  The

15 messenger was intimidated by the marshals, by the U.S.

16 marshals court personnel.  The court personnel have my

17 phone number on record.  No call was received by me.  I

18 was honestly sick that day.  I was not able to attend the

19 hearing and sent a messenger and two other people in my

20 behalf to notify the Court of such.  During that, it's my

21 understanding that during that court hearing the court

22 recorder and the attorneys met with the judge behind

23 closed doors to hold court excluding my witnesses from

24 hearing anything.  I've already requested a transcript of

25 that hearing and I'm waiting for that.  I believe nothing

1   needs to be changed right now relative to the appearance

2   bond.  I never intended to dishonor this Court as

3   evidenced by my three witnesses present in court that day.

4   If this matter moves to trial and my bond is revoked, I

5   will be at a huge disadvantage since I will not be able to

6   prepare for the trial.

7            As things stand today I'm already unable to

8   properly seek counsel or any assistance due to the fact

9   that I am under house arrest.  I therefore wish for the

10  Court to end the house arrest restriction so I can freely

11  move about and gather the information and assistance I

12  need to defend myself in this matter.

13           THE COURT:  All right.  Thank you, sir.

14           Anything briefly the government wishes to

15  respond to?

16           MS. HEBERT:  Well, Your Honor, I was in court on

17  November 15th and nobody, no deputy U.S. marshal

18  intimidated anybody in the courtroom.  I saw it with my

19  own eyes what went on in the courtroom and there was no

20  intimidation.  There also was no message delivered, but

21  even if there had been a message delivered that is not how

22  this works.  That is not how somebody that is given the

23  privilege in a mandatory detention case to be out on bond,

24  that is not how somebody is allowed to excuse themselves

25  from jury selection.  The defendant failed to appear.

1    Fifty-two jurors did.  The defendant did not.  It's the

2    government's position that the Court should detain the

3    defendant.

4         THE COURT:  All right.  I am not going to detain

5    the defendant.  I don't find that he presents at this

6    point a risk of flight or a danger to the community.  I am

7    going to change his release conditions from home

8    incarceration to what we refer to as home detention which

9    will give him more flexibility if he wishes to meet with

10   counsel to prepare for this trial.  Home detention will

11   restrict you to your residence at all times except for

12   employment, education, religious services, medical,

13   substance abuse or mental health treatment appointments,

14   visits with an attorney, court appearance and any other

15   activities that are approved in advance by your

16   supervising pretrial services officer.  So that will

17   provide you with some additional flexibility.

18        I agree with the point the government has made

19   in this case that the proper way to communicate with this

20   Court if you are a pro se defendant is personally whether

21   that be by filing with the clerk's office which is the

22   formal way, appearance in court or in an emergency an

23   attempt to contact the court by telephone.  Sending

24   messengers to the court who are not lawyers or authorized

25   under the law applicable in this court to represent you is

17

1  not an appropriate way to deliver a message to the

2  Court.  Your failure to appear whether you were ill or not

3  I cannot make a determination at this point.  You state

4  you were ill.  I have no evidence to dispute that.  I have

5  no evidence to support that you were ill.  You were fit

6  enough to get yourself within a hundred yards or so of the

7  courthouse.  Whether you could have gotten the other

8  hundred yards into the courthouse to either make a

9  statement at the clerk's office or file something I do not

10 know.

11      I agree with the government additionally, in

12 addition to agreeing with them that sending a messenger to

13 the court under these circumstances is not an appropriate

14 way to communicate with the Court.  I also agree with the

15 government's point that justice was not served and that

16 the Court, the government and 52 citizens who were ordered

17 to appear for jury services as is their obligation as

18 jurors were all inconvenienced.  In addition the

19 government had an expense.  All those jurors had to be

20 paid their daily jury fee as well as mileage and parking

21 expenses to appear.  All of that was wasted money and I

22 find that the reason it was wasted is your failure to

23 appropriately communicate with the Court.

24      So I do find that you did not appear for court

25 proceedings as ordered.  Under the entirety of the

1   circumstances of this case and the information before

2   me, I do not find that the appropriate remedy for that at

3   this stage is to detain you as the government has

4   requested in its motion for detention.  So I will deny

5   that motion.  As to the government's motion for forfeiture

6   of the entirety of the $20,000 appearance bond I don't

7   think that is warranted, but I think a partial forfeiture

8   of the bond in the amount that it cost the government for

9   the appearance of those jurors is an appropriate sanction

10  for the failure to appear.  I've been advised by the

11  office that the total cost and attendance fees, parking

12  and mileage for those 52 jurors for that date was

13  $3,393.47 and I will issue a written order that the

14  defendant forfeit that much of the $20,000 appearance bond

15  to the United States government for a sanction for his

16  failure to appearance.

17          I am going to continue the defendant on his

18  modified conditions of release which will include the home

19  detention restriction I've just stated for him as well as

20  electronic monitoring pending further proceedings.  The

21  next proceeding in this case that's been scheduled by the

22  Court and noticed to the defendant is a jury empanelment

23  to be followed immediately by the commencement of trial

24  starting in Judge McConnell's courtroom in the main

25  courthouse on December 4th at, does it give a time, Ms.

1   Noel, is it 9:30?

2          THE CLERK:  It is 9:30.

3          THE COURT:  9:30 in the morning.  Do you

4   understand that, Mr. Schofield?

5          THE DEFENDANT:  I do, Your Honor.

6          THE COURT:  All right.  So I will issue a

7   written order regarding that partial forfeiture of the

8   bond.

9          Ms. Noel, if you could provide an amended

10  conditions of release that include the home detention

11  restriction and provide a copy of that to Mr. Schofield so

12  he has a description of that condition.  Pretrial

13  services, if you could alert Mr. Dufresne that I have

14  stepped down the defendant's restriction from home

15  incarceration to home detention so he can proceed

16  accordingly.  Court will be in recess.

17         THE CLERK:  All rise.

18  (Court adjourned at 1:30:35 p.m.)

19

20

21

22

23

24

25

20

1                      CERTIFICATION

2        I, Maryann V. Young, court approved transcriber,

3    certify that the foregoing is a correct transcript from

4    the official digital sound recording of the proceedings in

5    the above-entitled matter.

6

7    /s/ Maryann V. Young            June 13, 2014

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25